*BROWN & AL.* vs. *BROWN'S EX'RS.*

East'n District.
*May*, 1824.

APPEAL from the court of probates of the city and parish of New-Orleans.

BROWN & AL.
*vs.*
BROWN'S EX'S.

MATTHEWS, J. delivered the opinion of the court. This is a suit commenced by a number of persons, who claim as legatees, or testamentary heirs and representatives, of Shepherd Brown, certain portions of his succession, in conformity with bequests made in his last will, &c. The petition contains a variety of allegations, tending to shew the amount of assets in the hands of the executors; and also a large real estate in the possession of M'Donough, who is stated to have been in partnership with the deceased whilst living, for a long period, in which they acquired property to a very considerable value; the greater part of which remained undivided at the death of the testator, &c. It concludes with a prayer for a decree against the executors to the extent of the just claims of the petitioners, on the moveable property, for a partition of the immoveables, and general relief.

After much contestation, (which we deem it useless to relate in detail,) the suit ended in the court below, by a judgment rendered in

*If the judgment of the court of probates be bottomed on an alleged compromise, and reversed on the ground that it did not legally take place, the case will be remanded, to be heard on the merits.*

pursuance of a compromise or transaction between the parties litigant; in which Wm. Brown, the first named of the plaintiffs, assumed and took on himself, to accept of said judgment or decree for all, or most of the persons therein interested; in consequence of power and authority, alleged to have been personally derived from them. From this judgment most of the plaintiffs appealed.

A motion was made for a new trial in the court below; but from what appears on the record in relation to this occurrence in the cause, we are of opinion that it was informal; out of due time, and of course illegal. The judge *a quo* was therefore correct, in overruling it.

Before we proceed to test the propriety and legality of the judgment of the court of probates, by the facts as they are found in the record, and law arising thereon; it is necessary to dispose of some exceptions, which were taken to a report of certain referees or arbitrators, to whom accounts had been referred, &c. And this may be well and speedily done, by simply observing that their report does not appear in any manner, or part, to have formed the basis of the judgment rendered by the court below. To de-

cide on the legality and justice of said report
or award, would be necessary only in the
event of reversing the judgment of the lower
court, and proceeding here to render a final de-
cision or decree.

Notwithstanding the learned and lengthy
arguments, and spirited declamation, with
which the court was entertained and edified on
the hearing of this cause : we are of opinion,
that its decision depends solely on a few plain
and well established principles, to be found in
the doctrine of the law of *mandat.*

The judge *a quo* certifies that the record
contains a transcript of all the matters and
facts upon which the suit was tried in the first
instance.    A comparison of the judgment
rendered by the court of probates, with the
facts of the case, as they appear in the re-
cord, shews clearly, that it does not conform
to the evidence adduced in the cause.   It is
therefore a judgment contrary to, and inconsis-
tent with evidence, and ought on that ground,
to be reversed ; unless this error or defect, be
cured by the effects of the compromise or
transaction, on which alone it seems to be
based.   If the appellants acted by an agent
fully authorised to compromise and transact

for them, the judgment, pronounced as the result of a transaction fairly and *bona fide* entered into, would be conclusive on their rights, however their interest may have been compromitted.

We have examined very attentively, the several letters of procuration under which Wm. Brown assumed a power to compromise for his co-plaintiffs, and have not been able to discover any authority given to him, to enter into any transaction in relation to their claims or rights. These instruments generally give a privilege to the first agents, to substitute others in their place. And in one of them, that of Hannah Evans to Henry Evans, in which is contained an authority of substitution, and also a power granted to compound; when the agent undertook to substitute Brown in his place, he confines the power granted to the latter, to his, the first agent's, own proper use, &c.; which cannot affect the rights of Hannah, who alone seems to be interested in the succession of S. Brown, her relation. A power to transact, is not specially given by any of the constituents, to Wm. Brown. He had therefore no right to bind them by the pretended compromise or transaction, which is the only

foundation for the judgment of the court be-
low. *Sublato fundamentam cadit opus. See
C. Code, p.* 422, *art.* 10 & 436, *Domat,* 1, 15,
4, *n.* 11.

It has been strenuously urged upon us, that
after reversing the judgment of the court of
probates, we should proceed to give final judg-
ment on the whole merits of the cause. We
are of opinion that this ought not to be done.

As the decision of the case, in the first in-
stance, rests entirely on a transaction or com-
promise between the parties, which is consi-
dered to have taken place without authority ;
and as on that ground alone the judgment of
the court below must be reversed, it is due to
the defendants that they should have a fair
trial. Wm Brown has not appealed, and con-
sequently we can give no decision which will
affect his rights, or alter his situation in regard
to the suit.

It is therefore ordered, adjudged and de-
creed, that the judgment of the court of pro-
bates be reversed, avoided and annulled, so
far as it affects the present appellants ; and that,
in relation to them, the cause be remanded to
the court below, for a new trial. And it is

East'n District. further ordered, &c., that the appellees pay the
*May*, 1824.
⁓⁓⁓         costs of this appeal.

BROWN & AL.         *Workman & Lobdell* for the plaintiffs, *Maza-*
*vs.*
BROWN'S EX's. *reau* for the defendants.